PER CURIAM.
The Florida Bar has petitioned this Court to amend the integration rule by adding a new article to the rule. The proposed article would allow retired attorneys who are or were admitted to practice law in Florida or elsewhere in the United States to provide pro bono legal services. After reviewing the petition, we adopt the proposal and amend the integration rule by adding a new article XXII, as set out following this opinion, effective immediately.
It is so ordered.
ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., concurs specially with an opinion.
ARTICLE XXII. EMERITUS ATTORNEYS PRO BONO PARTICIPATION PROGRAM
(1) Purpose. Individuals admitted to the practice of law in Florida have a responsibility to provide competent legal services for all persons, including those unable to pay for such services. As one means of meeting these legal needs, the following rule establishing the Emeritus Attorneys Pro Bono Participation Program is adopted.
(2) Definitions.
(a) An “emeritus attorney” is any person, retired from the active practice of law, who is or was admitted to practice law before the highest court of Florida or any other state or territory of the United States of America or the District of Columbia, and
1. Has been engaged in the active practice of law for a minimum of ten out of the fifteen years immediately preceding the application to participate in the emeritus program; and
2. Has been a member in good standing of The Florida Bar or the entity governing the practice of law of any other state, territory, or the District of Columbia and has not been disciplined for professional
*339 misconduct by the bar or courts of any jurisdiction within the past fifteen years; and
3. If not a retired member of The Florida Bar, has graduated from a law school accredited by the American Bar Association and has not failed The Florida Bar examination three or more times; and
4. Agrees to abide by the code of professional responsibility and submit to the jurisdiction of the Supreme Court of Florida for disciplinary purposes; and
5. Neither asks for nor receives compensation of any kind for the legal services to be rendered hereunder; and
6. Is certified under paragraph (5) hereof.
(b) An “approved legal aid organization” for the purposes of this article is a not-for-profit legal aid organization which is approved by the Supreme Court of Florida as set forth herein. A legal aid organization seeking approval from the Supreme Court of Florida for the purposes of this article shall file a petition with the clerk of the Supreme Court of Florida certifying that it is a not-for-profit organization and reciting with specificity:
1. The structure of the organization and whether it accepts funds from its clients;
2. The major sources of funds used by the organization;
3. The criteria used to determine potential clients’ eligibility for legal services performed by the organization;
4. The types of legal and nonlegal service performed by the organization;
5. The names of all members of The Florida Bar who are employed by the organization or who regularly perform legal work for the organization; and
6. The existence and extent of malpractice insurance which will cover the emeritus attorney.
(c) A “supervising attorney” as used herein as an active member of The Florida Bar who directs and supervises an emeritus attorney engaged in activities permitted by this article. The supervising attorney must:
1. Be employed by or be a participating volunteer for an approved legal aid organization, and
2. Assume personal professional responsibility for supervising the conduct of the matter, litigation, or administrative proceeding in which the emeritus attorney participates.
(3) Activities.
(a) An emeritus attorney, in association with an approved legal aid organization and under the supervision of a supervising attorney, may perform the following activities:
1. The emeritus attorney may appear in any court or before any administrative tribunal in this state on behalf of a client of an approved legal aid organization if the person on whose behalf the emeritus attorney is appearing has consented in writing to that appearance and a supervising attorney has given written approval for that appearance. The written consent and approval shall be filed in the record of each case and shall be brought to the attention of a judge of the court or the presiding officer of the administrative tribunal.
2. The emeritus attorney may prepare pleadings and other documents to be filed in any court or before any administrative tribunal in this state in any matter in which the emeritus attorney is involved. Such pleadings also shall be signed by the supervising attorney.
3. The emeritus attorney may engage in such other preparatory activities as are necessary for any matter in which he or she is involved.
(b) The presiding judge or hearing officer may, in her or his discretion, determine the extent of the emeritus attorney’s participation in any proceeding before the court.
*340 (4) Supervision and limitations.
(a) An emeritus attorney must perform all activities authorized by this article under the direct supervision of a supervising attorney.
(b) Emeritus attorneys permitted to perform services under this article are not, and shall not represent themselves to be, active members of The Florida Bar licensed to practice law in this state.
(c) The prohibition against compensation for the emeritus attorney contained in paragraph (2)(a)5 shall not prevent the approved legal aid organization from reimbursing the emeritus attorney for actual expenses incurred while rendering services hereunder nor shall it prevent the approved legal aid organization from making such charges for its services as it may otherwise properly charge. The approved legal aid organization shall be entitled to receive all court-awarded attorneys’ fees for any representation rendered by the emeritus attorney.
(5) Certification. Permission for an emeritus attorney to perform services under this article shall become effective upon filing with and approval by the clerk of the Supreme Court of Florida of:
(a) A certification by an approved legal aid organization stating that the emeritus attorney is currently associated with that legal aid organization and that an attorney employed by or participating as a volunteer with that organization will assume the duties of the supervising attorney required hereunder;
(b) A certificate from the highest court or agency in the state, territory, or district in which the emeritus attorney previously has been licensed to practice law, certifying that the emeritus attorney has fulfilled the requirements of active bar membership and has a clear disciplinary record as required by paragraph (2)(a) hereof; and
(c) A sworn statement by the emeritus attorney that he or she:
1. Has read and is familiar with the code of professional responsibility as adopted by the Supreme Court of Florida and will abide by the provisions thereof; and
2. Submits to the .jurisdiction of the Supreme Court of Florida for disciplinary purposes, as defined by Florida Bar Integration Rule, article XI, and by paragraph (7) hereof; and
3. Will neither ask for nor receive compensation of any kind for the legal services authorized hereunder.
(6)Withdrawal of certification.
(a) Permission to perform services under this article shall cease immediately upon the filing with the clerk of the Supreme Court of Florida of a notice either:
1. By the approved legal aid organization stating that:
a. The emeritus attorney has ceased to be associated with the organization, which notice must be filed within five days after such association has ceased; or
b. That certification of such attorney is withdrawn. An approved legal aid organization may withdraw certification at any time and it is not necessary that the notice state the cause for such withdrawal.
A copy of the notice filed with the clerk of the Supreme Court of Florida shall be mailed by the organization to the emeritus attorney concerned.
2. By the Supreme Court of Florida, in its discretion, at any time, stating that permission to perform services under this article has been revoked. A copy of such notice shall be mailed by the clerk of the Supreme Court of Florida to the emeritus attorney involved and to the approved legal aid organization to which he or she has been certified.
(b) If an emeritus attorney’s certification is withdrawn, for any reason, the supervising attorney shall immediately file a notice of such action in the official file of each *341 matter pending before any court or tribunal in which the emeritus attorney was involved.
(7) Discipline. In addition to any appropriate proceedings and discipline which may be imposed by the Supreme Court of Florida under the integration rule, the emeritus attorney shall be subject to the following disciplinary measures:
(a) The presiding judge or hearing officer for any matter in which the emeritus attorney has participated may hold the emeritus attorney in civil contempt for any failure to abide by such tribunal’s orders; and
(b) The Supreme Court of Florida or the approved legal aid organization may, at any time, with or without cause, withdraw certification hereunder.